Filed:  February 17, 1999

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 97-2612(L)
(CA-97-64-1)

University Motors Limited, etc.,

                              Plaintiff - Appellee,

        versus

General Motors Corporation, etc.,

                              Defendant - Appellant.

O R D E R

     The court amends its opinion filed January 13, 1999, as follows:

     On page 2, first paragraph of opinion, line 3 -- the sentence is corrected to begin "University <u>brought</u> an action . . . ."

                              For the Court - By Direction


                         /s/ Patricia S. Connor
                              Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNIVERSITY MOTORS LIMITED, a West
Virginia Corporation,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 97-2612

GENERAL MOTORS CORPORATION, a
Delaware Corporation,
<u>Defendant-Appellant.</u>

UNIVERSITY MOTORS LIMITED, a West
Virginia Corporation,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 98-1811

GENERAL MOTORS CORPORATION, a
Delaware Corporation,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-97-64-1)

Argued: December 3, 1998

Decided: January 13, 1999

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge,
and WILLIAMS, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Nathan Berkowitz, BINGHAM DANA, L.L.P., Boston, Massachusetts, for Appellant. Andrew G. Fusco, FUSCO & NEWBRAUGH, L.C., Morgantown, West Virginia, for Appellee. **ON BRIEF:** Daniel L. Goldberg, David Yamin, BINGHAM DANA, L.L.P., Boston, Massachusetts; Lawrence S. Buonomo, GENERAL MOTORS CORPORATION, Detroit, Michigan, for Appellant. Jeffrey A. Ray, FUSCO & NEWBRAUGH, L.C., Morgantown, West Virginia; Daniel E. Myers, MYERS, FOREHAND & FULLER, Tallahassee, Florida, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This diversity case arises out of an attempted termination by General Motors Corporation ("GM") of its franchise agreement with University Motors ("University"). University brought an action to enjoin the termination under West Virginia's motor vehicle dealer franchise statute, W.V. Code § 17A-6A-1, et seq. (1996). The district court concluded that GM, as a matter of law, had failed to provide sufficient notice and lacked good cause for its attempted termination. Accordingly, the district court rendered final judgment in favor of University. The court also awarded University attorney's fees and costs. GM appeals from the district court's ruling on the merits and its award of attorney's fees and costs. Finding no error, we affirm.

I.

University sells new and used automobiles in Morgantown, West Virginia. In 1990, University obtained a GM franchise by entering

2

into a five-year Dealer Agreement with GM. At that time, University carried other vehicle lines including Toyota and Mercedes-Benz. GM renewed the Dealer Agreement for another five-year term in 1995.

In January 1996, University was granted a Nissan franchise. Article 4.4.2 of the Dealer Sales and Service Agreement (the "Dealer Agreement") between University and GM requires that University obtain GM's approval prior to acquiring a new vehicle line. In a February 5, 1996 letter, GM refused to approve University's acquisition of the Nissan Franchise. Despite GM's refusal, in August 1996, University began selling Nissan vehicles.

On February 19, 1997, GM hand-delivered University a letter informing University of its intent to terminate University's franchise (the "Termination Letter"). In the Termination Letter, GM stated that the reason for termination was the violation of Article 4.4.2 of the Dealer Agreement. It further stated that "there were deficiencies which were identified in your Net Working Capital, and both Sales and Service performances." The letter explained that the termination would be effective 90 days from the receipt thereof. On August 4, 1997, after discovery had begun in this matter, GM sent University another letter, by certified mail, "intended to clarify the reasons for termination."

On March 10, 1997, University filed suit in state court in West Virginia seeking preliminary and permanent injunctive relief to prevent GM from terminating the Dealer Agreement. GM removed the action to federal court and moved to consolidate the preliminary injunction hearing with a trial on the merits. The court granted the motion to consolidate and ordered GM not to terminate University's franchise pending the outcome of the trial on the merits. Ultimately, the district court found that GM had violated the provisions of West Virginia Code § 17A-6A-1, et seq., and entered judgment in University's favor.

II.

The district court ruled that GM's Termination Letter did not provide sufficient notice to terminate University's franchise. Specifically, the court found that GM had hand-delivered its Termination Letter in

3

violation of § 17A-6A-7, which requires a manufacturer or distributor to send notice of termination by certified mail. Finding that the statute lacked any provision authorizing supplemental notice, the court also rejected GM's contention that its August 4 letter was sufficient to cure this deficiency.

The district court also held that GM lacked good cause for its termination of University's franchise. Section 17A-6A-4(3) defines good cause for a manufacturer or distributor's termination of a dealer when that termination is based on poor performance related to sales or service. It provides:

> If the failure by the new motor vehicle dealer to comply with a provision of the dealer agreement relates to the performance of the new motor vehicle dealer in sales or service, good cause shall exist for the purposes of a termination, cancellation, nonrenewal or discontinuance under subsection (1) of this section when the new motor vehicle dealer failed to effectively carry out the performance provisions of the dealer agreement if all of the following have occurred:
>
> (a) The new motor vehicle dealer was given written notice by the manufacturer or distributor of the failure;
>
> (b) The notification stated that the notice of failure of performance was provided pursuant to this article;
>
> (c) The new motor vehicle dealer was afforded a reasonable opportunity to exert good faith efforts to carry out the dealer agreement; and
>
> (d) The failure continued for more than one hundred eighty days after the date notification was given pursuant to subdivision (a) of this subsection.

§ 17A-6A-4(3).

4

The court found that these expanded notice requirements are implicated when the manufacturer or distributor terminates a dealer's franchise and a cause of the termination -- even if it is not the sole cause -- relates to poor sales or service performance. The court noted that the statute does not mention the words "sole" or "solely." Moreover, it found that "use of the word `relates' in W.Va. Code §17A-6A-4(3) suggests unambiguously that, if any part of the termination involves sales or service, the manufacturer must comply with the more stringent notice requirements of W.Va. Code §17A-6A-4(3) in order to establish good cause."

In this case, the court found that GM had sought to terminate University's franchise, in part, because of University's poor sales and service performance. Since GM's Termination Letter did not cite § 17A-6A-4(3), as required by § 17A-6A-4(3)(b), and GM failed to afford University a reasonable opportunity to cure the alleged defects or allow 180 days to pass after its Termination Letter, as required by § 17A-6A-4(3)(c) and (d), the district court held that GM lacked good cause.

The court also indicated its intention to award attorney's fees and court costs to University as permitted by § 17A-6A-16(4).* The case was submitted to the magistrate judge to determine the amount of costs and attorney's fees; he recommended an award of costs in the amount if $482.50 and attorney's fees in the amount of $53,955.22. The district court adopted that recommendation on May 18, 1998.

_____

* Section 17A-6A-16(4) provides that "a manufacturer or distributor who violates this article shall be liable for all court costs and reasonable attorneys' fees incurred by the dealer." GM argues that it has not "violated" the statute because § 17A-6A-4 prohibits a manufacturer or distributor from wrongfully terminating a dealer's franchise. GM contends that since it had not actually succeeded in terminating University's franchise, that it had not violated the statute and, therefore, the award of costs and attorney's fees was inappropriate. We agree with the district court that the most natural reading of the statute -- and the reading that effectuates the legislative intent behind the statute -- permits the award of costs and attorney's fees to the dealer when a manufacturer or distributor fails to comply with statute's notice or good cause requirement.

5

III.

Before us, GM reiterates contentions made to and rejected by the district court. After carefully considering these contentions, as well as the briefs, oral argument of counsel, record, and applicable law, we conclude that the district court was correct. Accordingly, we affirm, in all respects, on the basis of the district court's well-reasoned opinions. See University Motors, Ltd. v. General Motors Corp., C.A. No. 1:97-CV-64 (October 21, 1997), University Motors, Ltd. v. General Motors Corp., C.A. No. 1:97-CV-64 (May 18, 1998).

AFFIRMED

6